## MOSS v. UNITED STATES.

### No. 3957.

United States Court of Appeals.
Tenth Circuit.
Oct. 31, 1949.

Donald S. Stubbs, Denver, Colo., for appellant.

Cleon A. Summers, United States Attorney, Muskogee, Okl. (Paul Gotcher, Assistant United States Attorney, McAlester, Okl., was with him on the brief), for appellee.

Before BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The first count in the indictment in this case charged that appellant and three others broke into and entered a bank with the intent to commit larceny therein, and the second count charged that they took, stole, and carried away money and checks belonging to the bank with the intent to deprive the bank of the use and benefit thereof and to convert the same to their own use and benefit. Appellant entered a plea of guilty to the indictment and was sentenced to imprisonment for fifteen years on the first count and ten years on the second, to run concurrently. After entering upon service of the sentence appellant instituted a proceeding in habeas corpus in which the validity of the sentence was challenged. The petition for the writ was denied, and the judgment was affirmed. Moss v. Hunter, 10 Cir., 167 F.2d 683, certiorari denied, 334 U.S. 860, 68 S.Ct. 1519, 92 L.Ed. 1780. Appellant filed in the criminal case a motion to set aside and vacate the judgment and sentence. The United States responded. Appellant was produced in open court; evidence was heard; findings of fact were made; and an order was entered denying the motion. About two months later, appellant filed in the case a pleading denominated application for a writ of error coram nobis and motion to set aside

and vacate the judgment and sentence. The United States responded. The court entered an order denying the application and motion. The order of denial recited among other things that appellant had raised and presented in the former motion substantially the same matters and things of which complaint was then presently being made, and that the court was not required to entertain successive motions seeking the same or similar relief. The appeal now before us was taken from that order.

■ One question is decisive of the case and eliminates need to consider others. By the application for the writ of error coram nobis and motion to vacate the judgment and sentence, appellant attacked the validity of the judgment and sentence on several grounds. He attacked it on some of the same grounds in the proceeding in habeas corpus and failed to prevail. And while couched in somewhat different language, substantially all of the matters and things pleaded in the application for the writ of error coram nobis and motion to vacate the judgment were presented in the earlier motion to vacate. The earlier motion was fully heard. Evidence was submitted. Findings of fact were made. The motion was denied. And it is provided by statute, 28 U.S.C.A. § 2255, that a prisoner in custody under sentence of a court of the United States claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence is otherwise subject to collateral attack, may move the court which imposed such sentence to vacate and set it aside; that the court may entertain and determine the motion without requiring the production of the prisoner at the hearing; and that the court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. Inasmuch as substantially the same matters and things had been presented in a prior motion, it was within the sound discretion of the trial court whether the application for a writ of error coram nobis and motion to vacate and set aside the judgment and sentence should be entertained. Birtch v. United States, 4 Cir., 173 F.2d 316.

The court exercised its discretion. It concluded not to entertain the application and motion. And in the circumstances it cannot be said that such action constituted an abuse of discretion.

The order is affirmed.