JOHNSON v. UNITED STATES.

No. 14910.

United States Court of Appeals, Fifth Circuit.

June 15, 1954.

Rehearing Denied Aug. 30, 1954.

Charles W. Johnson, in pro. per.

James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before STRUM, Circuit Judge, and DAWKINS and HOOPER, District Judges.

STRUM, Circuit Judge.

Appellant was convicted in the Southern District of Florida of transporting in foreign commerce jewelry of the value of more than $5,000, with knowledge that it had been stolen, converted or taken by fraud, contrary to 18 U.S.C.A. § 2314. The conviction was here affirmed. 207 F.2d 314.

Appellant then filed a motion in the trial court, pursuant to 28 U.S.C.A. § 2255, to vacate as illegal, the sentence imposed upon him, which motion was denied. This was followed by a second motion to vacate sentence, based upon the grounds (1) that the trial court failed to charge the jury as to one element of the offense, namely, that the value of the jewelry must be more than $5,000; (2) that the record does not show that the trial court formally adjudged appellant to be guilty, but simply informally turned him over to the United States District Attorney; and (3) that the judgment is void on its face because "it does not set forth movant's plea." Having once considered the legality of the judgment of conviction, the trial court declined to consider the second motion.

After his incarceration in the Atlanta Penitentiary, appellant filed a petition for writ of habeas corpus in the Northern District of Georgia, where the penitentiary is situate, based upon substantially the same grounds relied upon in his second motion to vacate sentence, just above set out. The petition for habeas corpus was denied, as was also a certificate of probable cause.

In the present proceeding, appellant states that he is endeavoring to appeal in forma pauperis from the order of the Georgia District Court denying his motion to appeal from the order denying him the writ of habeas corpus. In the alternative, he petitions for a writ of mandamus directing the Florida trial court to consider his second motion to vacate sentence.

The judgment imposed upon appellant, as shown by the records of the Florida trial court, is as follows:

"On this 16th day of January, 1953, came the attorney for the government and the defendant appeared in person and by his attorney, Stuart Ellis Rubin.

It is Adjudged that the defendant has been convicted upon verdict of guilty of the offense of unlawfully and knowingly transporting in foreign commerce from Florida to Cuba jewelry of the value of more than $5,000, as charged in the indictment, and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the court,

It is adjudged that the defendant is guilty as charged and convicted.

It is further adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of nine years."

A motion under 28 U.S.C.A. § 2255 applies only where the sentence was imposed in violation of the Constitution or laws of the United States, where the sentencing court was without jurisdiction to impose such sentence, where the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. We find the foregoing judgment to be within the trial court's jurisdiction, and within the limits authorized by law. On its face the judgment discloses no denial of appellant's constitutional rights, but contains all the essentials of a valid judgment. No latent infirmities are established by the record which would render the judgment vulnerable to collateral attack under 28 U.S.C.A. § 2255. It has already been held valid upon direct attack. 5 Cir., 207 F.2d 314.

Whether or not the second motion to vacate the sentence should have been considered is a matter resting in the sound judicial discretion of the district judge. Of course the discretion must be advisedly, not capriciously, exercised. Hallowell v. United States, 5 Cir., 197 F.2d 926; Moss v. United States, 10 Cir., 177 F.2d 438; Martyn v. United States, 8 Cir., 176 F.2d 609. We find no abuse of discretion here. On the contrary, the action taken by the Florida district judge is well supported by the record. Neither do we find any error in the denial of the writ of habeas corpus by the Georgia district judge. The petition filed by the appellant is therefore Denied.

HOOPER, District Judge, did not participate in the decision as to the Georgia judgment of habeas corpus.