**UNITED STATES**

**v.**

**James E. H. NEWMAN.**

**Crim. Nos. 77483–77486.**

United States District Court
District of Columbia.

Nov. 30, 1954.

der the decision of United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, defendant is entitled as a matter of right to be present at a hearing on the motion. The prosecution argues this is a second or successive motion for similar relief which under the statute need not be entertained, and in addition adverts to the risks in transferring across the breadth of the country for hearing a dangerous prisoner who has once unsuccessfully sought to escape.

Section 2255 was enacted, as Chief Justice Vinson observed in the Hayman case in an extensive review of the history of the section, to meet practical difficulties in the administration of the habeas corpus jurisdiction of the United States courts. The disadvantages of expense, risk of escape or delivery in transporting prisoners, and the incentive to file baseless motions were considered to be outweighed by the advantages in providing a more convenient forum where records, court officials and witnesses would be readily available. Under Section 2 of the jurisdictional Bill as originally submitted to Congress by the Judicial Conference of the United States, this defendant might have been left to pursue his remedies by habeas corpus in the district of confinement. The memorandum accompanying the letter of transmittal of the Bill by the Judicial Conference stated: "If it appears that it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, 'or for other reasons', then he has the right to make application to the court in the district where he is confined. Such an instance might occur where a dangerous prisoner, who has been convicted in the Southern District of New York, was confined in Alcatraz Penitentiary." As the Bill finally was enacted into law, however, Section 2255 provides an application for habeas corpus shall not be entertained "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Leo A. Rover, U. S. Atty., Alexander L. Stevas, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Andrew W. Carroll, Washington, D. C., for defendant.

LAWS, Chief Judge.

Pursuant to statute, 28 U.S.C. § 2255, defendant has moved to vacate pleas of guilty entered on December 16, 1946, in the above-entitled cases, to vacate sentence, to award a new trial, and for a writ of habeas corpus ad testificandum to be heard in oral testimony in support of this motion. He alleges the pleas of guilty were not voluntarily made, but were induced by coercion, fear, and misconduct of his counsel and the District Attorney.

The Court must first determine whether it shall require the presence of defendant who is presently incarcerated at Alcatraz, California. Defendant's able counsel appointed by the Court argues defendant's allegations create substantial issues of facts as to events in which the prisoner participated, and un-

It does not here appear the remedy by motion is inadequate or ineffective. The pleas were entered before this Court. Such records and witnesses as are available would be available to this Court. There would be inherent risks in bringing this prisoner before any court. It appears more practicable that the matter be determined in the Court where the events are alleged to have occurred than in the district of confinement. This being so, the character of defendant as a dangerous prisoner should not affect the determination of the Court whether he shall be brought before the Court to give oral testimony.

■ Under Section 2255, defendant is entitled to a hearing "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *." While the statute provides "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing", the Hayman case decided, "Where * * * there are substantial issues of fact as to events in which the prisoner participated, the trial court should require his production for a hearing." 342 U.S. at page 223, 72 S.Ct. at page 274.

The instant motion before the Court must be read in the light of the history of the proceedings and allegations of this case. In 1949, more than two years after sentence on the four indictments, a fifth indictment having been dismissed after sentence, defendant first moved to vacate sentence and for writ of habeas corpus ad testificandum. A hearing was held before another judge of the Court in which defendant did not appear but was represented by his counsel, who indicated he was not informed of the petition and was not prepared to ask the Court for any further consideration. The motion was dismissed, and later leave to proceed on appeal without prepayment of costs was denied as not taken in good faith, filed after the time to appeal had expired. A petition to proceed in forma pauperis on appeal was denied by the United States Court of Appeals for the

District of Columbia Circuit, and a letter filed as a petition for reconsideration was again denied by written opinion. Newman v. United States, 1950, 87 U.S. App.D.C. 419, 184 F.2d 275, certiorari denied 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665.

In July, 1952, defendant again filed a motion for writ of habeas corpus ad testificandum and a motion to withdraw the pleas of guilty, which were denied, but defendant was granted leave to proceed on appeal without prepayment of costs. On appeal, counsel was appointed for defendant who moved to remand for hearing before this Court or to dismiss without prejudice to renewal of a motion under Section 2255, counsel being of opinion, because of the vagueness of the allegations, the record was not in condition for a proper consideration. Over objection of the Government, the appeal was dismissed without prejudice to renewal in this Court of a motion under Section 2255. Counsel was appointed by this Court to represent defendant, and the present motion filed.

In the proceedings filed in 1949 and also those filed in 1952, the gravamen of defendant's motions and petitions was that he was mentally unbalanced and suffering from delusions at the time of pleading and sentence, that he was held after arrest for an undue length of time in order to extract a confession by threats and ill-treatment before being taken before a committing magistrate, that his house was searched without warrant and evidence unlawfully seized, witnesses were intimidated against him, and he was not allowed to contact a lawyer or relatives for three days. In the first petition for writ of habeas corpus ad testificandum, although not in the motion to vacate sentence, defendant alleged in his eleventh charge that after paying his lawyer all the money he had he was forced to plead guilty by his lawyer and the Assistant District Attorney who was in charge of his case. On appeal he alleged that he was forced to plead guilty by counsel who was incompetent, inefficient, negligent and unfaithful in the

performance of his duties, in that he only consulted with petitioner four times, failed to subpoena a certain witness and certain evidence, failed to produce character witnesses, and failed to effectively cross-examine witnesses against him. In the letter filed as a petition for reconsideration, he made reference to his counsel as

"* * * a lawyer who wasn't out for anything but all the money he could get from me, how was I to fight the case. I listened to what he said and pleaded guilty. Since I have been here I wrote to him and asked him to appeal my case. His answer was, There Is Not Enough Money In The Case For Me."

In the second motion for writ of habeas corpus ad testificandum, although not in the motion to withdraw pleas of guilty, the bare allegation was made that the plea was not voluntarily made. For the first time, allegation was also made in both motions that the Court had not advised defendant of his rights. On appeal, in an affidavit attached to the motion to remand or for dismissal without prejudice, more than four years after the first motion to vacate and six years after sentence, defendant alleges, as he does now, that the Assistant United States Attorney in charge of prosecution of the case threatened he would see defendant received the maximum sentence if he did not plead guilty, but would do all he could for him if he did, and that his counsel, after urging, insisting and requesting him to plead guilty, threatened he would withdraw from the case if he did not plead guilty. It was on the occasion of this appeal that for the first time defendant specified these acts as to which he complained.

■ The basis for the denial of defendant's original motion by the Court of Appeals was that his sentence and confinement resulted not from his illegal arrest and confinement, but rather from the judgment of conviction on his plea of guilty. Newman v. United States, supra. The present motion thus sets up new or dissimilar grounds for relief which should be determined by the Court in the exercise of a sound judicial discretion. Barrett v. Hunter, 10 Cir.; 1950, 180 F.2d 510, 20 A.L.R.2d 965, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650. The Court should be guided and controlled by a consideration of whatever has a bearing on the propriety of the relief sought, including a prior refusal. Hallowell v. United States, 5 Cir., 1952, 197 F.2d 926. While the case of United States v. Hayman, supra, stated that the Court should require the presence of a prisoner where substantial issues of fact are raised, it seems clear that in determining whether *substantial* issues are raised the Court must determine whether the facts alleged appear to have or not to have any merit. Where the allegations are patently unbelievable from a study of motions, files and records of the case, the Court in the exercise of a sound judicial discretion should deny relief, otherwise the Court would be required on bare allegations to transfer prisoners at their whim.

■ There is involved in this motion grave allegations of improprieties on the part of an Assistant United States Attorney also on the part of a highly respected member of the bar since deceased. Standing by themselves, the charges would be sufficient to require a hearing into their truthfulness. However, there are other circumstances appearing on the record. Defendant now unequivocally proclaims his innocence of the charges, whereas before in the letter filed in the Court of Appeals as a motion for reconsideration, he could only say, "I am not saying I didn't do the crimes and I am not saying I did them, but I do say I was never given a chance to prove my innocence." The charges against defense counsel and Government counsel as now detailed come late in the day. It is contrary to human experience that, having sought for six years to vacate sentence by a long series of detailed allegations, defendant in support of his motion to remand or dismiss without prejudice should for the first time recite these allegations in detail. It

is singular that a defendant who has previously detailed allegations as to incompetence, inefficiency, negligence and unfaithfulness against his counsel, should have failed to detail alleged misconduct in improperly joining the District Attorney in coercing pleas of guilty, if it were true. It is impossible to believe that, if these charges were true, defendant would have sought years later to have the same attorney who had wrongfully represented him appeal his case as he stated in the letter filed as motion for reconsideration.

This is therefore not a case where the allegations are meritorious on their face on a view of the entire record and files, but one where they are patently part of a sustained and continuous effort to find some ground whereby defendant may be transferred for a time from his present place of confinement. The Court concludes that defendant is unworthy of belief, that no purpose would be served in bringing him before the Court to give oral testimony. The Court also finds on a study of the record that defendant raises no substantial issue as to the events alleged to have occurred, and that on the motions, files and records defendant is entitled to no relief.

Defendant's motion will accordingly be denied.