William H. JACKSON, Appellant,

v.

UNITED STATES of America,
Appellee.
No. 7008.

United States Court of Appeals
Fourth Circuit.

Submitted June 13, 1955.

Decided July 13, 1955.

Before FRANK, MEDINA and STA-
LEY, Circuit Judges.

PER CURIAM.

Affirmed on Judge Rayfiel's opinion,
D.C., 132 F.Supp. 419.

William H. Jackson, on the brief pro
se.

George Cochran Doub, U. S. Atty., and Robert R. Bair, Asst. U. S. Atty., Baltimore, Md., on the brief for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion under 28 U.S.C. § 2255 to vacate a judgment and sentence entered October 30, 1953 upon a plea of guilty to an indictment charging the forgery of a government check in violation of 18 U.S.C. § 495. At the time of entering the plea of guilty appellant was represented by counsel of his own choosing and employment. A motion subsequently made in January 1954 under 28 U.S.C. § 2255 to vacate the judgment and sentence was denied by the District Court and the denial was affirmed by this court. Jackson v. United States, 4 Cir., 214 F. 2d 485. Petition for rehearing was filed and denied by this court, and application was made to the Supreme Court for certiorari, which was denied. Jackson v. United States, 348 U.S. 900, 75 S.Ct. 222. A petition for habeas corpus was denied by the United States District Court for the Northern District of Georgia on August 10, 1954. A second motion to vacate under 28 U.S.C. § 2255 was subsequently filed in the court below and was denied, but no appeal was taken. A third motion to vacate under 28 U.S.C. § 2255 was filed February 4, 1955 and was denied and from the denial of that motion this appeal was taken.

■ The District Court was not required "to entertain a second or successive motion for similar relief on behalf of the same prisoner". 28 U.S.C. § 2255. The court considered the motion, however, and held that it "does not disclose any ground sufficient in law to justify the (this) court either entertaining or granting same". We have examined the motion and think that this holding was correct. The points urged on appeal are so manifestly lacking in merit as not to warrant discussion.

Affirmed.