Coy George **GORDON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 5712.

United States Court of Appeals Tenth Circuit.

Dec. 18, 1957.

No appearance for appellant, submitted on brief, pro se.

A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, for appellee.

Before HUXMAN, MURRAH and BREITENSTEIN, United States Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order of the United States District Court of Utah, denying appellant's motion under 28 U. S.C.A. § 2255 to vacate a judgment of conviction and sentence imposed thereon on the ground that the judgment and sentence were void, because of appellant's insanity at the time of the trial.

Appellant, Coy George Gordon, and Hoyt Cecil Watson were charged by information with violating Section 2115, Title 18 U.S.C.A. Both appeared before the court for arraignment and, not being represented by counsel, competent counsel was appointed for them. Thereafter, both appeared in court with counsel and, being fully advised of their constitutional rights, entered pleas of guilty. Imposition of sentence was deferred for a pre-sentence report. After receipt of such report and after statements made by defendants in open court as well as by their attorney, the court imposed the sentence herein challenged. The court sentenced appellant to the custody of the Attorney General to serve a term of three and one-half years in a federal penitentiary.

The grounds urged for reversal are that appellant was in fact insane at the time of trial and that the court was, therefore, without jurisdiction to try him. It is without dispute that appellant's mental status was not put in issue at any stage of the trial proceedings. At no time prior to the imposition of sentence was it suggested to the trial court that appellant was insane. That issue arose only after he was committed to the penitentiary to serve the sentence. Shortly after his arrival at the penitentiary, appellant was declared insane under 18 U. S.C.A. § 4241.

Appellant's subsidiary contention that the court erred in disposing of the motion without granting a hearing is not well taken. The only question was a question of law and for a consideration of that question under Section 2255 a hearing was not necessary.

Had the issue of insanity been presented or called to the attention of the court, it would have been necessary for the court to determine that issue before proceeding with the trial.[1] But, as pointed out, this was not done under the admitted facts of this case. As pointed out in an able opinion by the trial court, appellant's only remedy is under 18 U. S.C.A. § 4245, which in substance provides that when the Director of the Bureau of Prisons certifies that a person convicted of an offense has been examined, as provided in the section, and there was probable cause to believe that he was mentally incompetent at the time of the trial when the issue was not raised in the trial, the Attorney General shall transmit such report and certificate of the Director of the Bureau of Prisons to the Clerk of the District Court where the conviction was had, and that there-

1. 18 U.S.C.A. § 4244.

after the court shall hold a hearing to determine the mental capacity of the accused. The language of this section is too clear to leave any doubt that the only remedy such a one has is the remedy provided for in Section 4245. All the cases so hold and citation of authorities is deemed unnecessary.

It is the conclusion of the court that the trial court correctly concluded that it was without jurisdiction, and the judgment appealed from is, therefore, affirmed.