**Carl Harvey BISTRAM, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Crim. No. 7885.**

United States District Court
D. North Dakota,
Southeastern Division.

March 23, 1959.

Carl Harvey Bistram, pro se.

Robert L. Vogel, U. S. Atty., Fargo, N. D., for respondent.

Ronald N. Davies, District Judge.

The petitioner, Carl Harvey Bistram, was indicted for the crime of kidnapping under Title 18 U.S.C. 1201(a). He was convicted and sentenced therefor upon his plea of guilty. Thereafter petitioner filed a motion to vacate and set aside the judgment on the ground that the sentencing Court lacked jurisdiction because the indictment failed to negative an exception contained in Section 1201 (a). This motion was overruled by this Court, and the petitioner again filed a motion to vacate and set aside the judgment upon the grounds that his plea of guilty was coerced and obtained by threats and promises. This motion was likewise overruled by this Court.

On appeal the Court of Appeals for the Eighth Circuit sustained this Court in overruling the first of the motions but held that on the second, involving coercion and threats, petitioner was entitled to the hearing sought.

After a plenary hearing, this Court again entered its order denying the petitioner's motion; and the Court of Appeals for the Eighth Circuit affirmed. Bistram v. United States, 248 F.2d 343.

There is now before this Court a third motion to vacate and set aside the sentence on the ground that petitioner was mentally incompetent at the time he entered his plea and was sentenced. In support of his motion Bistram has submitted a sworn affidavit averring that upon a hearing he will offer evidence to show (1) that he was mentally incompetent at the time he entered his plea of guilty and was sentenced, (2) that there is a history of hereditary insanity on the maternal side of his immediate family, (3) that he was determined to be mentally incompetent while confined in a Minnesota institution, and (4) that he suffered a brain concussion shortly before he entered his plea which further aggravated the then allegedly existing mental incompetency.

The petitioner's motion here, as with the two prior ones, is made pursuant to Title 28 U.S.C. § 2255. That the right exists to raise the issue of mental competency at the time of pleading guilty in sentencing was settled in Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835. Bishop was followed in Smith v. United States, 9 Cir., 1958, 259 F.2d 125, 127, in which the Court said:

"As for the right of the appellant to have a hearing upon the question of his sanity at the time of the trial, the whole matter is settled by the decision in Bishop v. United States * * *."

See also Simmons v. United States, 8 Cir., 1958, 253 F.2d 909, 911, where the Court, in denying an application for habeas corpus, stated:

"The Government next contends that the issue of appellant's sanity at the time of trial and sentence must be raised in the sentencing court by a motion under section 2255. We agree."

There also exists a second method by which petitioner may raise the issue of his mental competency at the time he entered his plea and was sentenced. In United States v. Meadows, D.C.W.D. Mich., 1955, 140 F.Supp. 184, the Court, after an exhaustive discussion of 18 U.S.C.A. § 4245, said that as no issue touching upon the petitioner's mental competency was raised before or at the time of the entry of his pleas, convictions and sentences, petitioner could avail himself of the remedy expressly provided by Section 4245.

United States v. Meadows was affirmed, Meadows v. United States, 6 Cir., 1956, 232 F.2d 312, the Court holding that:

"* * * the judgment be affirmed on the opinion of the district court * * * denying appellant's motion to vacate and set aside his pleas, convictions, and sentences, without prejudice to the right of appellant to apply to the Director of the Bureau of Prisons for determination of his mental competency under Title 18 U.S.C.A. § 4245."

Under 18 U.S.C.A. § 4245, the petitioner may request an examination by the board of examiners and may request a

certification by the Director of the Bureau of Prisons that there is probable cause to believe that he was mentally incompetent at the time he was convicted and sentenced; and the Court, upon receipt of the report of the board of examiners and the certificate of the Director of the Bureau of Prisons, may then hold the hearing required by said statute to determine petitioner's mental competency.

In the instant case Carl Harvey Bistram, the petitioner here, was represented by competent counsel. There was no contention or even intimation by petitioner or his counsel that he was not mentally competent at the time he entered his plea and was sentenced. It has never been brought to the Court's attention that there had ever been a prior determination of the petitioner's mental competency, if any actually has been made, and there is nothing whatever in the Court's records and files to indicate that petitioner had ever suffered prior mental difficulties.

It has been repeatedly held that the presumption of sanity continues until overcome by evidence. There is at this time nothing in petitioner's record to indicate that the petitioner is not mentally competent nor that he was mentally incompetent at the time he entered his plea and was sentenced. It is only in his petition that is found the unsupported statement that he was *determined* to be mentally incompetent while in a Minnesota institution and a statement to the effect that there is hereditary insanity in his family. There is no allegation that the petitioner was ever legally adjudged to be mentally incompetent.

█ In view of the foregoing and upon the present state of the record and files in the case, this Court is of the opinion that it is conclusively shown that the petitioner, Carl Harvey Bistram, is not entitled to the relief he seeks by his motion to vacate sentence filed February 9, 1959, and that the motion should be denied without prejudice to petitioner who may proceed under Title 18 U.S.C. A. § 4245, or renew his motion within ninety days hereof, provided that such renewed motion shall be supported by affidavit and documents stating when, where and for what period of time petitioner was allegedly determined to be mentally incompetent and documentary evidence of any alleged hereditary insanity in petitioner's family.

The motion of the petitioner, Carl Harvey Bistram, for vacation of sentence is at this time in all things denied.