**Carl Harvey BISTRAM, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Cr. No. 7885.**

United States District Court
D. North Dakota, S.E. D.

Feb. 8, 1960.

Carl Harvey Bistram, pro se.

Robert L. Vogel, U. S. Atty., Fargo, N. D., for respondent.

RONALD N. DAVIES, District Judge.

The matter now before the Court illustrates the constant and vexing problems arising out of the abuse of 28 U.S. C.A. § 2255, by criminals lawfully imprisoned who, by repeated and successive motions brought under that Section, impose an unnecessarily onerous burden upon an already overburdened federal judiciary.

Here for the third time the petitioner Carl Harvey Bistram seeks to have his sentence vacated and set aside, this time upon the grounds that he was mentally incompetent at the time he entered his plea of guilty and was sentenced in this court some eleven years ago.

Bistram was indicted for the crime of kidnaping and was convicted and sentenced therefor upon his plea of guilty. Petitioner first filed a motion to vacate and set aside the judgment on the ground that the sentencing Court lacked jurisdiction because the indictment failed to negative an exception contained in Section 18 U.S.C.A. § 1201(a). The motion was overruled by this Court, Bistram v. United States, 139 F.Supp. 922, and the petitioner again filed a motion to vacate and set aside the judgment upon the grounds that his plea of guilty was coerced and obtained by threats and promises. That motion was likewise overruled by this Court April 11, 1956.

The Court of Appeals for the Eighth Circuit sustained this Court in overruling the first of the motions but held that on the second, involving coercion and threats, petitioner was entitled to the hearing sought. Bistram v. United States, 237 F.2d 243. Both motions were made pursuant to 28 U.S.C.A. § 2255.

After a plenary hearing this Court again entered its order denying the petitioner's motion, and the Eighth Circuit Court of Appeals affirmed. Bistram v. United States, 248 F.2d 343.

On February 7, 1959, almost ten years after the petitioner was convicted and sentenced upon his plea of guilty, he filed a third motion to vacate and set aside sentence pursuant to Title 28 U.S.

C.A. § 2255, upon the ground that he was mentally incompetent at the time he entered his plea of guilty and was sentenced. In support of his motion petitioner submitted a sworn affidavit averring that upon a hearing he would offer evidence to show (1) that he was mentally incompetent at the time he entered his plea of guilty and was sentenced, (2) that there is a history of hereditary insanity on the maternal side of his immediate family, (3) that he was determined to be mentally incompetent while confined in a Minnesota institution, and (4) that he suffered a brain concussion shortly before he entered his plea which further aggravated the then allegedly existing mental incompetency.

In its order of March 23, 1959, this Court said [171 F.Supp. 258, 260]:

"In the instant case Carl Harvey Bistram, the petitioner here, was represented by competent counsel. There was no contention or even intimation by petitioner or his counsel that he was not mentally competent at the time he entered his plea and was sentenced. It has never been brought to the Court's attention that there had ever been a prior determination of the petitioner's mental competency, if any actually has been made, and there is nothing whatever in the Court's records and files to indicate that petitioner had ever suffered prior mental difficulties.

"It has been repeatedly held that the presumption of sanity continues until overcome by evidence. There is at this time nothing in petitioner's record to indicate that the petitioner is not mentally competent nor that he was mentally incompetent at the time he entered his plea and was sentenced. It is only in his petition that is found the unsupported statement that he was *determined* to be mentally incompetent while in a Minnesota institution and a statement to the effect that there is hereditary insanity in his family. There is no allegation that the peti-

tioner was ever legally adjudged to be mentally incompetent."

This Court then denied Bistram's motion without prejudice to petitioner to proceed (1) under Title 18 U.S.C.A. § 4245, or (2) to renew his motion within ninety days (90), *provided that such renewed motion shall be supported by affidavit and documents stating when, where and for what period of time petitioner was allegedly determined to be mentally incompetent* and documentary evidence of any alleged hereditary insanity in petitioner's family.

Petitioner renewed his motion on June 15, 1959, to which he attached several letters which indicated (1) that petitioner's mother, Grace, Mrs. Anton Bistram, had been a patient in Ancker Hospital, St. Paul, Minnesota, from May 27th to May 29th, 1935; that she was discharged with a diagnosis of dementia praecox, and by order of that same date the Ramsey County Probate Court, Minnesota, committed her to St. Peter Hospital, Minnesota, where she died July 7, 1935, of bronchopneumonia; that at the time of her commitment she was suffering from a goiter deficiency and had been sick a month with delusions and hallucinations; (2) that Bistram's uncle, Justice Meacham, was admitted to Fergus Falls State Hospital, Minnesota, August 28, 1922, pursuant to an order issued by the Becker County Probate Court, Minnesota, and the reason given for his commitment was mental illness; that Meacham was given a provisional discharge May 24, 1923, and final discharge December 6, 1933; (3) that petitioner was admitted to a hospital on June 7, 1949, for multiple lacerations and concussion and discharged the following day.

Again Bistram's motion contained nothing to support his allegation that he was determined to be mentally incompetent while confined in a Minnesota institution.

This Court ordered, on September 16, 1959, that ultimate disposition of petitioner's motion be reserved pending the filing with this Court within ninety (90) days of that date, by the Attorney Gen-

eral of the United States, the report of the Board of Examiners prepared pursuant to Title 18 U.S.C.A. § 4241, and the certificate of probable cause, if indicated, by the Director of the Bureau of Prisons as contemplated by Title 18 U.S.C.A. § 4245.

The Attorney General has not filed a report of the Board of Examiners prepared pursuant to Sec. 4241 nor a certificate of probable cause as contemplated by Sec. 4245. From this the Court can only conclude that the petitioner's mental condition did not and does not warrant that any action be taken pursuant to either of the above cited Sections. (On January 11, 1960, there was, though not timely, filed an affidavit by the Director of the Bureau of Prisons in which he averred (1) that petitioner was committed to the Federal Penitentiary at Leavenworth, Kansas, on November 4, 1949, where examination did not reveal any significant evidence of mental disorder, (2) during the entire time that petitioner has been confined to Federal institutions he has shown no evidence of mental disorder, and (3) that there is no probable cause to believe that petitioner was incompetent at the time of his trial.)

The petitioner's original motion of February 7, 1959, contained the conclusionary allegation that he was "determined" to be mentally incompetent while confined in a Minnesota institution. The renewed motion filed by petitioner June 15, 1959, contains the allegation that it was while confined to the Red Wing Training School, Red Wing, Minnesota, during the period 1937 to 1939, he was "determined" to be mentally incompetent.

The Government controverted this allegation by filing an opposing brief in which they directed the Court's attention to a Psychological Report of the Red Wing Training School attached thereto which shows that at the time petitioner was admitted to that institution nothing significant was found in connection with his mental health.

Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, is cited by petitioner as holding that he is now entitled to raise the issue of mental competency which was not raised at the time he pleaded guilty and was sentenced and is entitled to be present at a hearing thereon. The Bishop case is distinguishable, there the petitioner having had a long history of mental deficiency and having been adjudged insane shortly after being sentenced. The Supreme Court treated the case as sui generis. Handlon v. United States, 6 Cir., 1957, 246 F.2d 866.

Petitioner cites many cases in support of his contention, but in every instance petitioners therein had histories of mental incompetency prior to sentencing and/or were adjudged mentally defective shortly after, from which it could be inferred they were incompetent at the time of trial and sentencing. Bishop v. United States, supra; Simmons v. United States, 8 Cir., 1958, 253 F.2d 909; Gregori v. United States, 5 Cir., 1957, 243 F.2d 48; Smith v. United States, 9 Cir., 1959, 267 F.2d 210; Brown v. United States, 5 Cir., 1959, 267 F.2d 42; Bell v. United States, 9 Cir., 1959, 269 F.2d 419.

Petitioner here, Carl Harvey Bistram, does not allege he is or ever was adjudged mentally incompetent or insane, nor is there any allegation of a history of mental incompetency that would indicate he was not competent to enter a plea of guilty in 1949. There is only the unsupported statement by petitioner that he was "determined" to be mentally incompetent while confined in a Minnesota institution.

Also cited by petitioner is Smith v. United States, 9 Cir., 1958, 259 F.2d 125, 126, but that case, too, is distinguishable. The Court in Smith held that, "We think that this motion sufficiently set forth facts which if true would entitle the petitioner to relief." A petition under Sec. 2255 must set forth facts as distinguished from mere conclusions. A petitioner's allegations supported only by his own assertions are not sufficient. United States v. Mathison, 7 Cir., 1958, 256 F.2d 803, certiorari de-

nied 358 U.S. 857, 79 S.Ct. 77, 3 L.Ed.2d 91; Stephens v. United States, 10 Cir., 1957, 246 F.2d 607. Petitioner's motion is not sufficient to meet the burden required under Sec. 2255.

That Section also gives the sentencing court discretion to refuse to entertain second or successive motions "* * * for similar relief on behalf of the same prisoner." As was stated earlier, this is Bistram's third motion under Sec. 2255, and although based upon facts not presented in the prior motions, the relief sought is the same.

The Courts of Appeal for the several circuits are not in harmony as to the interpretation to be given this portion of the section. Petitioner cites Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L. Ed. 989; Barrett v. Hunter, 10 Cir., 1950, 180 F.2d 510, 20 A.L.R.2d 965, cases deciding issues raised in habeas corpus proceedings, and Hill v. United States, 6 Cir., 1958, 256 F.2d 957. Both Salinger and Barrett point out that a second motion should be disposed of in the exercise of sound judicial discretion, guided and controlled by a consideration of whatever has a rational bearing on the propriety of the relief sought, among which would be a prior refusal to grant relief on a like motion.

The Sixth Circuit in the Hill case held only that as long as the Government had not filed responsive pleadings, the petitioner's allegations must be accepted as true, and therefore, the hearing on the motion should have been held.

The majority of the Court of Appeals for the District of Columbia in Belton v. United States, 1958, 104 U.S.App.D.C. 81, 259 F.2d 811, did not reach the question, reversing the district court on other grounds; but the dissenting opinion from which we quote, three judges concurring, discussed the issue of second or successive motions at great length:

"It is well established that the statute leaves the matter of entertaining a second or successive motion to the sound discretion of the trial judge. United States v. Brown, 7 Cir., 1953, 207 F.2d 310; Johnson v. United States, 5 Cir., 1954, 213 F.2d 492; Jackson v. United States, 4 Cir., 1955, 224 F.2d 556; Corcoran v. United States, 7 Cir., 1956, 231 F.2d 449. That is to say, although the judge may entertain a second or successive motion, he shall not be required to do so if it is for similar relief."

* * * * * *

"Turning to the authorities, I find three circuits have held that the sentencing court is not required to entertain a successive motion for similar relief even though it is based upon factual grounds not relied upon in the antecedent motion. In Lipscomb v. United States, 1955, 226 F.2d 812, 816, the Eighth Circuit, after referring to a previous unsuccessful motion by Lipscomb, said:

" '* * * The same relief was sought in that motion as in the motion here under consideration and the contentions now presented could have been urged in that proceeding as there is no claim that they arose subsequent thereto and the decision in that proceeding is binding on the defendant not only as to the contentions there made but as to all other contentions which could have been made.'

"The United States Court of Appeals for the Sixth Circuit has expressed the same view. In Dunn v. United States, 1956, 234 F.2d 219, 221, that court said:

" 'Appellant's contention that his present motion is based on new grounds not included in his previous motion is without merit. In our opinion, the successive proceedings seek "similar relief on behalf of the same prisoner," and under the provisions of Section 2255, Title 28 U.S. Code, it is within the sound discretion of the District Judge whether a second motion seeking similar relief should be entertained. Moss v. United States, 10 Cir., 177 F.2d 438; Shobe v. United States, 8 Cir., 220 F.2d 928, 929; United States v.

Brown, 7 Cir., 207 F.2d 310; Bickford v. United States, 9 Cir., 206 F.2d 395.'

"In Johnson v. United States, 5 Cir., 1954, 213 F.2d 492, the appellant filed in the sentencing court a second motion based on grounds not relied upon in the first. The appellate court said, at page 494: 'Whether or not the second motion to vacate the sentence should have been considered is a matter resting in the sound discretion of the district judge. * * * We find no abuse of discretion here.' Thus in this case the Fifth Circuit agreed with the Sixth and Eighth Circuits that reliance upon different grounds does not require the sentencing court to entertain a second or successive motion under § 2255.

"The authorities to the contrary rely principally upon Barrett v. Hunter, 1950, 180 F.2d 510. In those cases the United States Court of Appeals for the Tenth Circuit was considering appeals from orders denying applications for writs of habeas corpus and was not immediately concerned with successive motions to vacate sentences made under § 2255. The question was whether the trial judge had correctly relied upon paragraph [7] of § 2255 in refusing to issue writs of habeas corpus. The Court of Appeals affirmed his action but, in the course of its opinion, discussed the provisions of § 2255 that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. I quote from the opinion, at page 515:

" ' * * * If the second or successive motions sets up new or dissimilar grounds for relief which are within the purview of the grounds enumerated in the third paragraph of § 2255, and the motion and the records and files in the case do not conclusively show that the prisoner is entitled to no relief, the court should ordinarily entertain such second or successive motion. So construed, the provision conforms with the rule in habeas corpus with respect to successive applications for the writ, laid down by the Supreme Court in Salinger v. Loisel, 265 U.S. 224, 230, 232, 44 S.Ct. 519, 521, 68 L.Ed. 989 * * *.'

"This passage seems to have been *obiter dictum*. According it respect, nevertheless, as a deliberate expression of the court's view, I do not consider it authority for the proposition that the language of § 2244 concerning 'a new ground not theretofore presented and determined' should be read into § 2255. The opinion does not say the trial judge *must* entertain a second or successive motion which sets up new or dissimilar [factual] grounds, but only that he 'ordinarily should' exercise his discretion to entertain it. This is not in conflict with the provision of § 2255 that the trial judge 'shall not be required' to entertain such a motion.

"Illustrative of the confusion in the cases to which we have referred are Hallowell v. United States, 5 Cir., 1952, 197 F.2d 926, and Bistram v. United States, 8 Cir., 1956, 237 F.2d 243. In the Hallowell case the Fifth Circuit relied to some extent on Barrett v. Hunter, but its Johnson case referred to above (213 F.2d 492), decided two years later, shows it does not endorse the *dictum* of Barrett v. Hunter insofar as it holds that the presentation of a new ground requires the court to entertain a successive motion under Sec. 2255. In the Bistram case the Eighth Circuit followed Barrett v. Hunter and quoted therefrom with apparent approval. But the opinion, written by the same judge who had written the Lipscomb opinion less than a year before, does not overrule the Lipscomb case and makes no reference to it." Belton v. United States, 259 F.2d 811, 822, 824.

One other circuit holds that the sentencing court is not required to entertain a successive motion for relief even though it is based upon factual grounds not previously relied upon. The Fourth Circuit held in Hamilton v. United States, 1953, 204 F.2d 927, 928, that:

"* * * We note that this is the second appeal taken by this prisoner from denials of motion for the vacation of the sentence. See Hamilton v. United States, 4 Cir., 194 F. 2d 1011. The District Court was not required to entertain a second motion to set aside the sentence. 28 U.S.C. § 2255. The court did entertain the motion, however, and properly denied it."

It might be well to point out that petitioner in Dunn v. United States, supra, appealed in 1957 from an order denying a Section 2255 motion based upon grounds not raised previously. The Sixth Circuit Court of Appeals reversed, Dunn v. United States, 1957, 245 F.2d 407, 408, holding that:

"* * * But, if appellant's second contention presents a new issue for the first time, *and the factual allegations with respect thereto are not denied*, and no defensive plea in the nature of abuse of judicial process is interposed, under the ruling of the Supreme Court in Price v. Johnston, supra, 334 U.S. 266, 289–294, 68 S.Ct. 1049, 92 L.Ed. 1356, the District Court was in error in dismissing the proceeding without a hearing." (Emphasis added.)

On remand the district court again dismissed the motion, and the petitioner again appealed. The Sixth Circuit affirmed, Dunn v. United States, 1958, 259 F.2d 269, certiorari denied 358 U.S. 847, 79 S.Ct. 75, 3 L.Ed.2d 83, holding that:

"* * * This matter was previously before this court, and was remanded for further proceedings for the reason that the government had failed to deny an allegation that it had used perjured testimony knowingly in securing appellant's conviction. * * *

"Upon remand of the case for determination of the claim of the use of perjured testimony against appellant, the government filed responsive pleadings supported by numerous affidavits. The indefinite nature of the claim of the so-called perjured testimony and the lack of factual allegations as to how a certain witness was persuaded to testify falsely do not add up to use by the government, knowingly, of perjured testimony to secure appellant's conviction.

"The order of the district court dismissing appellant's motion to vacate sentence was not inconsistent with our directions upon remand, and is, accordingly affirmed."

In Turner v. United States, 1958, 103 U.S.App.D.C. 313, 258 F.2d 165, 166, it is held that:

"Where there has been a previous appeal or a previous 2255 motion, the District Judge has discretion to deny relief as to those allegations which could have been, but were not, raised in the earlier proceeding, unless the petitioner has 'some justifiable reason he was previously unable to assert his rights,' or unless he was 'unaware of the significance of relevant facts.' Absent some allegation or evidence as to what is the 'justifiable reason' or 'unawareness,' the District Court is under no duty to grant a hearing on what appear on the face of the petition to be old claims; indeed without such allegations the District Judge cannot even be aware of a possible basis for exercising his discretion to grant a hearing, applying the standards of Price v. Johnston, supra, note 4."

As was pointed out in Belton v. United States, supra, the position of the Eighth Circuit in regard to second or successive motions is not clear. In Shobe v. United States, 8 Cir., 1955, 220 F.2d 928, 930, a case dealing with a second motion made on substantially the same grounds as previously raised, the Court held that:

"Moreover, the District Court was entirely justified in denying Shobe's second motion on the ground that it was a 'second or successive motion for similar relief' which Section 2255 expressly provides the sentencing court shall not be required to entertain. Moss v. United States, 10 Cir., 177 F.2d 438; Hallowell v. United States, 5 Cir., 197 F.2d 926; Johnson v. United States, 5 Cir., 213 F.2d 492, 494."

In Lipscomb v. United States, 8 Cir., 1955, 226 F.2d 812, 816, the Court held that:

"An examination of the files and records discloses various proceedings taken by the defendant seeking relief from the judgment. Among these proceedings was a prior motion made by him to vacate the judgment under the provisions of Title 28 U.S.C. § 2255. At the hearing on that motion he was personally present, was represented by counsel and introduced testimony. In that proceeding an appeal was taken to this court where the order appealed from was affirmed. * * * The same relief was sought in that motion as in the motion here under consideration and *the contentions now presented could have been urged in that proceeding as there is no claim that they arose subsequent thereto and the decision in that proceeding is binding on the defendant not only as to the contentions there made but as to all other contentions which could have been made.*" (Emphasis added.)

In Bistram v. United States, 1956, 237 F.2d 243, 246, the Eighth Circuit Court of Appeals quoted from Barrett v. Hunter, supra, which, among other things, held that:

" * * * If the second or successive motion sets up new or dissimilar grounds for relief which are within the purview of the grounds enumerated in the third paragraph of § 2255, and the motion and the records and files of the case do not con- clusively show that the prisoner is entitled to no relief, the court should ordinarily entertain such second or successive motion."

But in Cain v. United States, 1959, 271 F.2d 337, 338, the Eighth Circuit Court of Appeals held that:

"While the general rule is that a hearing is necessary prior to the disposition of all § 2255 motions presenting factual issues, (citing cases), this requirement is subject to the statutory qualification that the files and records of the case may be sufficient alone to dispose of the motion where they 'conclusively show that the prisoner is entitled to no relief'. Thus, the records of the prior proceedings may so completely affirmatively rebut the motion's contentions as to make a hearing unnecessary. (Citing cases.) *In addition, they may have this effect by demonstrating that the petitioner had prior opportunities to urge the claims of his motion and failed to do so, thereby raising a conclusive inference of their invalidity.* Kyle v. United States, 2 Cir., 1959, 266 F.2d 670, certiorari denied [361 U.S. 870], 80 S.Ct. 131, [4 L.Ed.2d 109]; Juelich v. United States, 6 Cir., 1958, 257 F.2d 424, certiorari denied 358 U.S. 847, 79 S.Ct. 72, 3 L.Ed.2d 81; Donovan v. United States, 10 Cir., 1953, 205 F.2d 557; United States v. Newman, D.C.1954, 126 F.Supp. 94." (Emphasis added).

The petitioner Bistram at the time of the plenary hearing granted him on one of his Sec. 2255 motions was given an opportunity by this Court to raise any further matter he felt necessary to support his motion to vacate and set aside sentence. At that time, January 7, 1957, the following colloquy took place:

"Mr. Murphy (Bistram's lawyer): Mr. Bistram informs me there is nothing further that he has in mind at this time. I have advised him if that is so that this would close the matter. I should like to have him state that for the record.

"The Court: Did you hear what Mr. Murphy said, Mr. Bistram?

"Mr. Carl Harvey Bistram: Yes.

"The Court: He correctly quoted you?

"Mr. Carl Harvey Bistram: Yes, that's right.

"The Court: You have nothing further by way of evidence or any statement you would like to make to the Court in connection with the pending matter, is that right?

"Mr. Carl Harvey Bistram: That's right.

"The Court: Of any kind, nature or description?

"Mr. Carl Harvey Bistram: No, nothing now.

"The Court: What do you mean, 'nothing now'?

"Mr. Carl Harvey Bistram: Figure of speaking. Nothing."

(From reporter's official transcript.)

The petitioner has had two prior Sec. 2255 motions considered by this Court. So far as the record discloses the petitioner has always been aware of what he now proposes as grounds for setting aside his sentence, and no valid reason exists for their not having been presented to this Court at the plenary hearing afforded him January 7, 1957.

In Gordon v. United States, 1957, 250 F.2d 676, 677, the Court of Appeals for the Tenth Circuit held that:

"It is without dispute that appellant's mental status was not put in issue at any stage of the trial proceedings. At no time prior to the imposition of sentence was it suggested to the trial court that appellant was insane. That issue arose only after he was committed to the penitentiary to serve sentence. Shortly after his arrival at the penitentiary, appellant was declared insane under 18 U.S.C.A. § 4241.

"Appellant's subsidiary contention that the court erred in disposing of the motion without granting a hearing is not well taken. The only question was a question of law and for a consideration of that question under Section 2255 a hearing was not necessary.

"Had the issue of insanity been presented or called to the attention of the court, it would have been necessary for the court to determine that issue before proceeding with the trial. (18 U.S.C.A. § 4244 cited.) But, as pointed out, this was not done under the admitted facts of this case. As pointed out in an able opinion by the trial court, appellant's only remedy is under 18 U.S.C.A. § 4245, which in substance provides that when the Director of the Bureau of Prisons certifies that a person convicted of an offense has been examined, as provided in the section, and there was probable cause to believe that he was mentally incompetent at the time of the trial when the issue was not raised in the trial, the Attorney General shall transmit such report and certificate of the Director of the Bureau of Prisons to the Clerk of the District Court where the conviction was had, and that thereafter the court shall hold a hearing to determine the mental capacity of the accused. The language of this section is too clear to leave any doubt that the only remedy such a one has is the remedy provided for in Section 4245. All the cases so hold and citation of authorities is deemed unnecessary."

With this the Eighth Circuit Court of Appeals disagreed, and in Simmons v. United States, 1958, 253 F.2d 909, 912. held that:

"At the time of oral argument, Gordon v. United States, 10 Cir., 250 F.2d 676, was cited to us. This case holds that when the issue of an accused's sanity at the time of trial is not raised in the trial court, and accused was declared insane shortly after sentence, 18 U.S.C.A. § 4245 provides the exclusive remedy, and accused's sanity at the time of trial

510

could not be determined upon motion filed under section 2255. The court cites no cases in support of its conclusion, nor does the opinion point out whether the certificate contemplated by 4245 was filed.

"* * * The effect of this statute on the right to resort to a 2255 motion was also considered in the Gregori case, supra, 243 F.2d at page 52. It is there pointed out that proceedings under 4245 come into operation only when the board certifies that it is probable accused was insane at the time of trial. Such a certificate will not issue in all cases. In many situations the board will be unable to state with any certainty that the insanity pre-dated the trial. There is nothing in the record in the present case to indicate that certificate of probable cause has issued. We are inclined to agree with the holding of the Fifth Circuit in the Gregori case, supra, to the effect that if a certificate of probable cause has not issued, the accused should have the right to have the sanity issue determined under a 2255 motion."

The Court then affirmed the trial court's denial of petitioner's application for habeas corpus on the ground that he had not exhausted his remedies under Sec. 2255. It is of interest to note that when petitioner Simmons applied for a hearing under Sec. 2255 in the sentencing court, it was refused, the Tenth Circuit Court of Appeals affirming, Simmons v. United States, 1959, 268 F.2d 218:

"Order denying motion to vacate and set aside judgment and sentence affirmed without written opinion, on authority of Gordon v. United States, 10 Cir., 250 F.2d 676."

In Cason v. United States, 4 Cir., 1955, 220 F.2d 510, certiorari denied 349 U.S. 966, 75 S.Ct. 899, 99 L.Ed. 1287, the Court held that petitioner was not entitled to a hearing under Sec. 2255 as to his mental competency at the time he entered a plea of guilty and was sentenced:

"It appears, however, that counsel was duly assigned appellant before entry of the plea and that no question was raised on the hearing as to appellant's sanity. This being true, we do not think that appellant is entitled to relief under the petition which he has filed. If certificate should be made by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 4245, that there is probable cause to believe, after examination as therein provided, that appellant was mentally incompetent at the time of his trial, relief could be afforded him in accordance with the provisions of that section; but no such case is before us here."

The Sixth Circuit Court of Appeals followed this line of reasoning in Hoskins v. United States, 1957, 251 F.2d 51, wherein the Court held that:

"In this case, appellant sought to vacate a long-term sentence of imprisonment, pronounced against him many years ago, upon the ground that he was insane at the time of his trial. United States District Judge Ford dismissed the motion to vacate. Hence, this appeal.

"Upon the basis of the findings and conclusions of the United States District Court, which show that the court lacked jurisdiction to hold the hearing sought by appellant under section 4245, Title 18 U.S.C., where there was no certificate by the Director of the Bureau of Prisons certifying that there is probable cause to believe that the defendant was mentally incompetent at the time of his trial [See Cason v. United States, 4 Cir., 220 F.2d 510, certiorari denied 349 U.S. 966, 75 S.Ct. 899, 99 L.Ed. 1287], it is obvious that the judgment of the district court was correct; and it is, therefore, ordered to be affirmed."

The position of this Court on petitioner Bistram's present motion is best ex-

pressed in Judge Prettyman's opinion, Smith v. United States, C.A.D.C.1959, 270 F.2d 921, 929, concurring in the result:

"Smith's second motion was based upon a ground (alleged mental incompetence) not theretofore presented or determined. But that ground was not new; it existed at the time of his first motion. And Smith makes no allegation that he was then ignorant of the fact of his incompetence or, if he was aware of it, that he had an excuse for failure to present it in that motion. Therefore, when this ground was presented as the basis for a second motion, that motion was a 'second or successive motion for similar relief' and a hearing on it was not required by the statute. To state the matter differently: If a second motion under Section 2255 is based upon a ground (factual or legal available to, and reasonably deemed to have been known by, the movant at the time of his first motion, and presents no justifiable reason why he was previously unable to assert his rights, the second motion is a 'second or successive motion for similar relief' and the court is not required to entertain it. This is the interpretation given in Turner v. United States, and I think Turner was correctly decided."

Following the rationale of Cain v. United States, supra, this Court concludes that the records and files in this case are sufficient alone to conclusively show that Bistram is entitled to no relief. Moreover, the petitioner has had two prior opportunities to urge the issue of mental incompetency, on one occasion during a full scale plenary hearing, and has chosen not to do so, without any explanation whatever, thus raising the conclusive inference of the invalidity of his claim.

Thus, this third motion of Carl Harvey Bistram to vacate sentence and his motion for a plenary hearing thereon, and each motion, is denied.