Carl Harvey BISTRAM, Appellant,
v.
UNITED STATES of America,
Appellee.

No. 16452.

United States Court of Appeals
Eighth Circuit.

Oct. 24, 1960.

Carl Harvey Bistram, pro se.

Robert Vogel, U. S. Atty., Fargo, N. D., for appellee.

Before SANBORN, WOODROUGH and MATTHES, Circuit Judges.

1

**2**

SANBORN, Circuit Judge.

Carl Harvey Bistram, on his plea of guilty, entered September 27, 1949, to an indictment charging him with the crime of kidnapping in violation of 18 U.S.C. § 1201(a), was sentenced by the District Court on October 28, 1949, to imprisonment for thirty years. He has unsuccessfully moved that court three times, under 28 U.S.C. § 2255, for the vacation of his sentence. This appeal is from an order denying Bistram's third such motion. The District Court has stated fully the grounds for the denial in Bistram v. United States, D.C., 180 F. Supp. 501.

The first motion of Bistram to vacate his sentence was filed February 20, 1956. It challenged the sufficiency of the indictment. It was denied by the District Court without a hearing. On April 4, 1956, Bistram filed a second such motion, asserting (1) that his plea of guilty was coerced, (2) that he was deprived of effective assistance of counsel, and (3) that he was innocent. This motion was also denied, without a hearing, by the District Court. Bistram took an appeal from each denial. His appeals were consolidated, and in Bistram v. United States, 8 Cir., 237 F.2d 243, the order denying the motion attacking the validity of the indictment was affirmed. The order denying, without a hearing, the second motion, which charged coercion and deprivation of effective assistance of counsel, was reversed and that case was remanded for further proceedings.

Upon remand of the case, the District Court on January 7, 1957, gave Bistram a full hearing upon his second motion, at which he appeared in person and was represented by counsel of his own choice. He testified in his own behalf and offered the testimony of others in support of his motion. At the close of the hearing on the second motion of Bistram, the court asked him if he had any further statement or evidence "of any kind, nature or description" to offer. Bistram replied, "No, nothing now." The court said, "What do you mean, 'nothing now?'" Bistram's response was: "Fig-

ure of speaking. Nothing." [180 F. Supp. 509] The court found the facts against Bistram and denied his motion. He appealed from the denial. This Court affirmed on October 16, 1957, 248 F.2d 343.

On February 7, 1959, Bistram filed his third motion to vacate sentence, asserting that it "was imposed in violation of the laws and Constitution of the United States by reason that the petitioner was insane at the time of plea of guilty and imposition of the thirty (30) year sentence," and that upon a hearing he would produce evidence to show: (1) that he was mentally incompetent at the time of his plea and the imposition of sentence; (2) that there is a history of hereditary insanity on the maternal side of his family; (3) that he was "determined" to be mentally incompetent while confined in a Minnesota institution; and (4) that he suffered a concussion of the brain "shortly before his trial" which aggravated his mental incompetency.

The District Court on March 23, 1959, ruled that Bistram's third motion should be denied without prejudice to his proceeding under 18 U.S.C. § 4245 or to his renewing his third motion on a documentary showing that he had been determined to be mentally incompetent and that there was hereditary insanity in his family. On June 15, 1959, Bistram renewed his third motion to vacate on the ground of his asserted mental incompetency. Attached to the motion was his affidavit stating that his mother was committed to the Minnesota State Hospital for the insane at St. Peter, Minnesota, because of dementia praecox; that his maternal uncle was committed to the Fergus Falls State Hospital, Fergus Falls, Minnesota, as mentally ill; that he (Bistram) was "determined" to be mentally ill while confined in the Red Wing training school [for juvenile male delinquents] at Red Wing, Minnesota, from 1937 to 1940; and that he had suffered a head injury shortly before his plea of guilty. He furnished some official letters indicating that his mother had been, on May 29, 1935, committed to

the Minnesota State Hospital for the insane at St. Peter, Minnesota, because of mental illness, and died at that institution on July 7, 1935; that his uncle, a Mr. Meacham, was committed to the Fergus Falls State Hospital as mentally ill on August 28, 1922, was released on May 24, 1923, on provisional discharge, and was given a final discharge on December 6, 1933; that Bistram himself was admitted to a hospital at Marysville, Kansas, on June 7, 1949, for "multiple lacerations and concussion", and dismissed the following day "into the custody of the U. S. Marshal Campbell."

Bistram's statement that he had been "determined" to be mentally incompetent was untrue, as shown by a letter from the Superintendent of the State Training School at Red Wing, Minnesota. The letter, with an accompanying psychological report, does indicate that Bistram was an automobile thief at the age of fifteen, and was classified as a moron. There is nothing in the record, aside from the self-serving statements of Bistram, to indicate that he was ever determined to be, or that he ever was, insane, and nothing to excuse his failure to bring forward, at his hearing on his second motion to vacate, everything which he could possibly think of or fabricate as a basis for the vacation of his sentence.

▉▉ The idea that one in the position of Bistram can have as many hearings as he can conjure up factual grounds for the vacation of sentence is fallacious. Section 2255 expressly provides: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." That provision was intended not only to prevent repetitious demands by the same prisoner for the vacation of a sentence on the same grounds, but to require the assertion in one motion of all the existing grounds which the prisoner has for questioning the validity of his sentence. We hold that the District Court did not err in denying this third motion of Bistram as "a second or successive motion for similar relief" within

the meaning of § 2255. Shobe v. United States, 8 Cir., 220 F.2d 928; Lipscomb v. United States, 8 Cir., 226 F.2d 812, 816–818. See, also; Dunn v. United States, 6 Cir., 234 F.2d 219, 221 and cases cited; Johnson v. United States, 5 Cir., 213 F.2d 492, 494; minority opinion in Belton v. United States, 104 U.S. App.D.C. 81, 259 F.2d 811, 817, 822; and concurring opinion of Judge Prettyman in Smith v. United States, 106 U.S. App.D.C. 169, 270 F.2d 921, 929.

The purpose for inserting the provision in § 2255 relative to "a second or successive motion" was to prevent the very thing that Bistram is apparently attempting here, namely, to harass the sentencing court with repeated motions and this Court with successive appeals. He has had one round trip to Fargo, North Dakota, from Alcatraz, California, and an ample opportunity to present his case. He has had his full day in the District Court and in this Court.

The order appealed from is affirmed.

WOODROUGH, Circuit Judge (dissenting).

On Bistram's prior appeals reported at 237 F.2d 243 we held in effect that where a second or successive motion under Section 2255 sets up grounds for relief within the third paragraph of the section and the motion and the records and files of the case do not conclusively show that the prisoner is entitled to no relief on those grounds, the Court should grant him a hearing on his motion. I am not persuaded we were wrong. The last paragraph of 2255 forbids the Court to entertain application for habeas corpus where a motion under Section 2255 has been denied by the sentencing Court and I am sure the section is intended to be as broad within its ambit as habeas corpus. I think it covers all situations where the sentence is open to collateral attack. There was no purpose to impinge upon prisoners' rights of collateral attack upon their convictions. The limitation on the duty of federal judges to entertain successive applications for habeas corpus arises when it appears

**4**

that "the petition [for the writ] presents no new ground not theretofore presented." 28 U.S.C. § 2244 (1952). The words of that phrase must be read together so that the ground need not be new in the sense of having originated after some former hearing. It need be new only in the sense that it was not theretofore presented.

The motion denied here alleged that the prisoner was insane when he was tried and the Supreme Court unanimously declared in Massey v. Moore, 348 U.S. 105, 109, 75 S.Ct. 145, 147, 99 L.Ed. 135: "Any defense is hopelessly beyond reach for an accused who is insane."

The Court erred in disposing of the motion without the findings on the issue presented required by the statute.