## HALLOWELL v. UNITED STATES.
### No. 13926.

United States Court of Appeals
Fifth Circuit.
June 27, 1952.

Jack Nossaman, Sherman, Tex., for appellant.

Warren G. Moore, U. S. Atty., Harlon Martin, Asst. U. S. Atty., Tyler, Tex., for appellee.

Before HOLMES, BORAH and RIVES, Circuit Judges.

BORAH, Circuit Judge.

This is an appeal from an order of the United States District Court for the East-

ern District of Texas denying Henry Arthur Hallowell's third motion in that court to vacate sentence and judgment under the provisions of Title 28, United States Code, section 2255.

On January 13, 1950, Hallowell was brought before the United States District Court for the Eastern District of Texas to stand trial on an information charging the interstate transportation of a stolen motor vehicle. In response to the trial judge's inquiry as to whether he desired to be represented by counsel, Hallowell replied in the negative. The trial judge then determined that the accused had signed a waiver of indictment and upon entry of a plea of guilty, adjudged Hallowell guilty as charged and sentenced him to imprisonment for a term of five years.

On May 12, 1950, Hallowell filed a motion to vacate the judgment and sentence on the ground that he had been deprived of the assistance of counsel in violation of the Constitution of the United States. This motion was apparently bottomed on the general contention that he could not waive his right to be represented by counsel. The motion was denied, without a hearing, on the ground that the defendant had intelligently and voluntarily waived his right to be represented by counsel.

A second motion to vacate the judgment and sentence was filed on April 27, 1951. This motion alleged, among other things, that appellant had been adjudged insane by an Oklahoma court immediately prior to his arrest; that the sentencing court did not have knowledge of this incompetency; and that his disability made it impossible for him to properly waive his right to the assistance of counsel. In reply, the Warden of the United States Penitentiary at Leavenworth, Kansas, appearing by and through the United States Attorney, denied that Hallowell had ever been adjudicated insane by an Oklahoma court or any other court. Thereafter, and without a hearing, the court entered an order denying the motion on the ground that it was the second successive motion filed by this prisoner for similar relief.

Finally, on November 10, 1951, Hallowell again moved to vacate judgment and sentence on the same ground as that asserted in the second motion. A like reply was filed by the Warden and, without hearing, the court again entered an order denying the motion. In its order the court stated that two previous motions to vacate the same sentence and judgment had been denied and that the motion contained no merit. From this order, Hallowell appeals.

■ The Sixth Amendment to the Constitution of the United States guarantees that in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense. This right the accused may waive but the responsibility of determining whether there is an intelligent and competent waiver rests on the trial judge. If the accused is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a judicial bar to a valid conviction and sentence.

Title 28, United States Code, Section 2255, provides in part as follows:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *."

In the instant case the motion and the files and the records of the case do not conclusively show that Hallowell is entitled to no relief. The record shows that six months prior to the trial the County Court of Oklahoma County, Oklahoma found Henry A. Hallowell to be insane and admitted him to a state hospital for the insane, there to be detained and kept until legally discharged. Thereafter the state hospital recommended that he should not be given his freedom because he had a psychopathic personality with criminal tendencies and he was potentially dangerous to society. We are advised by counsel that this information was never presented to the trial judge as photostatic copies of the insanity proceedings were not filed in the District Court until after an appeal had been perfected. Whether Hallowell made an intelligent and competent waiver of counsel is a question of fact which should be determined by the trial court, not by an appellate court, and we refrain from expressing any opinion thereon. See Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356.

The government insists that the trial court was justified in refusing to reconsider an issue that had previously been decided on a prior motion to vacate the judgment and sentence. It is true that section 2255 does provide that the sentencing court shall not be required to entertain a second or successive motion for similar relief, but we think that this provision does not give the court unqualified discretion to refuse to entertain a second or successive motion. Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965. Further, such motion should be disposed of in the exercise of a sound judicial discretion, guided and controlled by a consideration of whatever has a bearing on the propriety of the relief sought, which includes, where applicable, a prior refusal to discharge on a like application. Salinger v. Loisel, 265 U.S. 224, 230, 232, 44 S.Ct. 519, 68 L.Ed. 989. But in the instant case there was no prior hearing and determination by the District Court as to the allegation that due to his mental incompetence and insanity, Hallowell did not intelligently and competently waive his right to counsel. Price v. Johnston, 334 U.S. 266, 289, 68 S.Ct. 1049, 92 L.Ed. 1356. The first motion to vacate judgment and sentence did not raise this fact issue and the second and third motions were disposed of by the court, without a hearing and without making findings of fact and conclusions of law as required by the statute. The order of the court below is accordingly reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.