ROY CARROLL REYNOLDS *v.* STATE OF ARKANSAS

5491                                    450 S. W. 2d 555

Opinion delivered March 2, 1970

*Skillman & Furrow*, for appellant.

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is a post-conviction proceeding under our Criminal Procedure Rule 1. On March 7, 1969, the appellant was convicted, as a habitual offender, of the offenses of kidnaping and rape and was sentenced to 99 years imprisonment upon each charge. Reynolds was represented at the trial by paid counsel, but no appeal was taken.

Thereafter Reynolds himself prepared and filed a petition for a writ of habeas corpus, which the trial court properly treated as a petition under Rule 1. The matter was set down for a hearing, at which Reynolds and his attorney were present. Despite that opportunity to be heard, Reynolds did not offer to testify, did not request that any witnesses be called in his behalf, and asked instead that his petition be considered without any evidentiary hearing. The court perforce merely reviewed each allegation of the petition in the light of the evidence introduced at the original trial. Finding no merit in the petitioner's allegations, the court denied the petition and remanded Reynolds to confinement in the penitentiary.

In September Reynolds addressed a letter to this court, asking assistance in appealing from the denial of his petition. In that letter Reynolds stated: "What I do know is that I wish to exhaust all my Rights." We appointed counsel to take the appeal, who was provided with a transcript of the proceeding at no expense to the appellant. The matter has now been submitted to this court upon briefs.

There being no evidence in the record to support the allegations of the appellant's petition for post-conviction relief, there is actually no issue presented to us for decision. It is plain enough that the petitioner is merely going through the motions of exhausting his "remedy" in the state courts as a preliminary step to instituting some sort of proceeding in the federal courts. In the circumstances we see no reason to dignify the petitioner's maneuver by discussing it at length. Henceforth similar appeals, if any should be received, will be disposed of by a per curiam reference to this opinion.

Affirmed.

FOGLEMAN, J., not participating.