Roy C. REYNOLDS, Appellant,

v.

A. L. LOCKHART, Superintendent of Cummins Unit of the Arkansas State Penitentiary, et al., Appellees.

No. 72–1504.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 8, 1972.

Decided Dec. 19, 1972.

Roy C. Reynolds, pro se.

Ray Thornton, Atty. Gen., Little Rock, Ark., on brief for appellees.

Before MEHAFFY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

On March 7, 1969 appellant was convicted in state court of kidnapping and first degree rape and was sentenced to serve two concurrent 99 year terms. No appeal was taken from the conviction, but a state post-conviction action was pursued without success. Reynolds v. State, 248 Ark. 153, 450 S.W.2d 555 (1970). In 1972 appellant filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Arkansas, alleging that the conduct of both the pretrial line-up and the in-court identification

was so impermissibly suggestive that it violated the due process clause of the fourteenth amendment. The district court, with The Honorable G. Thomas Eisele presiding, denied relief and appellant now brings this appeal. For the reasons stated below we affirm the judgment of the district court.

The facts surrounding the crime and appellant's conviction are largely undisputed. On May 28, 1968 a thirteen year old girl and her nine year old brother were abducted at gunpoint while walking home from school with some friends. The two children were driven to a farm field where the girl was raped. The abductor then apparently drove the children to another isolated field where the girl was reportedly raped again. The abductor then released the children in the field and allegedly told them to wait there while he went for cigarettes. Shortly thereafter the children were found by the police who had been informed of the abduction by the victims' friends. Still later in the same day appellant was arrested while driving a stolen automobile that fit the description given by the children. The following day appellant was identified in a line-up by the two children who had been abducted. Appellant was not represented by counsel at this line-up. A police examination of the automobile in which appellant was arrested revealed fingerprints of the young girl who had been abducted. At his trial appellant was identified by the young girl as well as by two of her friends. There was no reference whatsoever to the line-up identification during the course of appellant's trial. Appellant's defense in the trial was temporary insanity. The jury found appellant guilty and he was sentenced to two concurrent 99 year terms.

■ Appellant's first argument attacks the conduct of the pretrial line-up as "so unnecessarily suggestive and conducive to irreparabl[y] mistaken identification" as to be a denial of due process. Foster v. California, 394 U.S. 440, 442, 89 S.Ct. 1127, 1128, 22 L.Ed.2d 402 (1969); Stovall v. Denno, 388 U.S.

293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). This attack on the suggestiveness of the line-up ignores, as it must, the absence of counsel question for the simple reason that no use was made of the line-up identification at the trial. Compare, United States v. Wade, 388 U. S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 189 L.Ed.2d 1178 (1967). Instead, the appellant urges that the conduct of the pretrial line-up was so suggestive that it implanted an image of appellant in the prosecutrix's mind that led inevitably to a mistaken in-court identification.

■ The simple answer to appellant's argument is that there was nothing at all suggestive in the conduct of the line-up. After a detailed hearing on the conduct of the line-up, the district court concluded as a finding of fact that "the pre-trial identification procedure used was not impermissibly suggestive and did not give rise to any likelihood of irreparably mistaken identification by the prosecutrix." Reynolds v. Lockhart, No. PB–71–C–160 (E.D. Ark. July 27, 1972). This conclusion seems unquestionably correct since the credible testimony indicated that there were seven men of varying description in the line-up, at least one of whom resembled the appellant in age and appearance. There were no suggestive instructions or questions from the police, and no issue of suggestive or distinctive clothing was present. Furthermore, when the conduct of the line-up is placed in the context of the surrounding events it is even more clear that appellant's attack is without merit. The line-up was conducted within 24 hours of the crime, hardly a length of time in which memories would fade. The nature of the crime itself was one where the prosecutrix and her brother had an extended opportunity to observe their abductor, and there is no problem of disguise or prior misidentifications. Cf. United States v. Wade, supra, 388 U.S. at 241, 87 S.Ct. 1926.

■ Appellant's second argument attacks the manner in which the prosecu-

trix made her in-court identification of appellant. It appears that this identification was accomplished by the prosecuting attorney placing his hands on appellant's shoulder and asking the prosecutrix if this was the man who kidnapped and assaulted her. There is no dispute over the fact that the prosecutrix made an affirmative response to the prosecutor's question. Instead, the appellant challenges the admissibility of such an identification on the ground that it is impermissibly suggestive. While we agree that such a technique should not be encouraged, we cannot find anything that would require exclusion of such an identification. This is not a situation like a line-up where the suggestiveness is likely to induce future misidentification. Instead, it is a situation where the trial judge can observe and regulate the fairness of the procedure and the jury can determine the weight and credibility of the identification testimony. Furthermore, such an in-court identification procedure is conducted with counsel present and it can therefore be attacked readily on cross-examination as well as being made the basis for a mistrial or new trial in cases where there may be doubt about the ability of the witness independently to make the identification. Indeed, this case is an excellent example of the lack of wisdom in shaping a per se exclusionary rule for such an in-court identification. The identity of the abductor was not seriously disputed in this case. Additionally, the challenged in-court identification was corroborated by two of the prosecutrix's friends who were eyewitnesses to the abduction and did not participate in the challenged line-up. Finally, the identification procedure may well have been due in large part to an understandably solicitous attitude of the prosecution toward a young child who certainly was going through a significant amount of emotional stress in the process of testifying.

The judgment of the district court is affirmed.