Roy C. REYNOLDS, Petitioner,

v.

A. L. LOCKHART, Superintendent, Cummins Unit, Arkansas Department of Corrections, Respondent.

No. 74–1157.

United States Court of Appeals,
Eighth Circuit.

May 17, 1974.

Roy C. Reynolds, pro se.

Jim Guy Tucker, Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY and STEPHEN-SON, Circuit Judges.

PER CURIAM.

The petitioner was convicted by an Arkansas state trial jury of first degree rape and kidnapping, and was sentenced to two concurrent ninety-nine year terms in prison. The petitioner's petition for a writ of habeas corpus was denied by the District Court. He comes now before this Court seeking appointment of counsel, and raises the following grounds for issuance of the writ:

1. He was compelled to participate in a lineup without assistance of counsel and without notice that the lineup was to be conducted.

2. He was not informed of his constitutional rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. He was denied effective assistance of counsel.

4. He was denied an appeal of his conviction to the Supreme Court of Arkansas because he was indigent and illiterate.[1]

We find the petitioner's first two issues to be without merit, and we find that the petitioner has failed to exhaust his state remedies with regard to his allegations of ineffective assistance of counsel and the denial of a direct appeal. Therefore, we deny the petitioner's motion for appointment of counsel and dismiss the appeal pursuant to our Local Rule 9(a).

■■ With regard to the petitioner's argument that he was compelled to participate in a lineup without assistance of counsel and without notice that the lineup was to be conducted, this Court has previously decided this issue in Reynolds v. Lockhart, 470 F.2d 161 (8th Cir. 1972). With regard to his argument that he incriminated himself without having been given the required warnings, there appears to be a valid ques-

tion whether the petitioner was advised of his rights as required by Miranda v. Arizona, *supra*. However, none of the petitioner's incriminating statements was admitted at trial, and we find that all evidence admitted at trial was obtained independently of the petitioner's incriminating statements. Consequently, the exclusionary rule has no application here, and the petitioner has failed to show any prejudice arising out of the alleged failure to give the *Miranda* warnings. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920).

With regard to the petitioner's arguments that he was denied effective assistance of counsel and that he was denied his right to a direct appeal of his conviction because of his indigency, the petitioner contends that the following series of events occurring upon his conviction shows the merits of his allegations. His attorney, who was retained during the trial, filed a notice of appeal, but advised the petitioner and his mother that he would not represent him on appeal unless he was paid an additional fee. The petitioner and his family apparently were unable to pay additional sums. The petitioner's mother then wrote to the Legal Aide to the Governor of the State of Arkansas, asking for advice as to the conviction of her son. The government officials replied to her letter as follows:

I regret that we cannot comply with your request for advice regarding the conviction of your son in Circuit Court of the crime of rape. It is generally considered impossible for us in these matters concerning the judiciary since we represent the executive branch of the government. The decision on whether to appeal the judgment is something you will have to make. *If I were you and had experi-*

---

[1]. It would appear, from a careful reading of the record, that the petitioner could raise issues as to the sufficiency of the evidence and the propriety of the instructions if a direct appeal were granted to him.

*enced the difficulty you apparently have experienced with your son and assuming further that you do not have the financial ability to withstand this type of expense, I would be very hesitant to spend additional funds.* [Emphasis supplied.]

The petitioner then filed a petition for a writ of habeas corpus in the United States District Court shortly following his conviction. Whether this action was a result of his inability to pay his trial counsel and his lack of knowledge of his right to appointment of counsel has not been ascertained. The District Court dismissed the petition for failure to exhaust state remedies, whereupon the petitioner filed a post-conviction petition in the state court one month after his notice of appeal was filed, asserting issues different from those raised here. At this point, the petitioner's mother wrote to the United States District Court judge seeking appointment of counsel for the state post-conviction hearing. The judge wrote and informed her that he had no authority to appoint counsel in a state matter. The petitioner's case was set for hearing; and on the day of the hearing, the petitioner's trial counsel, who had come to the hearing to appear as a witness, was appointed as counsel for the petitioner for the post-conviction proceeding. Counsel conferred with the petitioner for a few moments, and then announced that the petitioner wished to submit his case solely on his petition. Consequently, no evidence was heard, and the state court denied the post-conviction petition. The denial was affirmed by the Arkansas Supreme Court in Reynolds v. State, 248 Ark. 153, 450 S.W.2d 555 (1970).

From this factual situation, it appears to this Court that the petitioner raises a serious question when he alleges he was denied his right to appeal due to his indigency. It is clear that the petitioner and his family could not afford retained counsel, and did not know of the petitioner's right to appointed counsel. The petitioner's mother asked for aid from a state official who, instead of advising her of her son's right to appointed counsel, advised her to drop the appeal. The petitioner's attorney testified that while it was his practice to inform clients that if they could no longer afford his services in a criminal case they were entitled to appointment of counsel, he could not specifically recall advising the petitioner of this fact.

An indigent is entitled to appointment of counsel on appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The remedy for failure to provide counsel to an indigent on appeal is a fair appellate review of the conviction, Williams v. United States, 416 F.2d 1064 (8th Cir. 1969), or, if no appellate review is afforded, issuance of a writ of habeas corpus. Joseph v. White, 404 F.2d 322 (5th Cir. 1968). The law is settled that even where a defendant is represented by a retained attorney at trial, if at the appeal state he is without funds but desires to appeal, and makes such desire known, failure to inform him of his right to appointment of counsel is grounds for habeas corpus relief. Wiley v. Coiner, 464 F.2d 525 (4th Cir. 1972); Goforth v. Dutton, 409 F.2d 651 (5th Cir. 1969).

Although it appears to us that the petitioner's claim regarding his right to appointment of counsel on appeal has merit, we have examined the record of the state post-conviction action, and find that the petitioner has failed to present this claim and the claim of ineffective assistance of counsel to the state court. Failure of a petitioner to exhaust state remedies, absent a showing that resort to the state courts would be futile, constitutes grounds to dismiss a petition for a writ of habeas corpus. United States ex rel. Condon v. Erickson, 459 F.2d 663 (8th Cir. 1972). Argument can be made that resort to the state courts would be futile in this instance. The Supreme Court of Arkansas, when it denied the petitioner's post-conviction petition, did state that:

\* \* \* It is plain enough that the petitioner is merely going through the

motions of exhausting his "remedy" in the state courts as a preliminary step to instituting some sort of proceeding in the federal courts. In the circumstances we see no reason to dignify the petitioner's maneuver by discussing it at length. Henceforth similar appeals, if any should be received, will be disposed of by a per curiam reference to this opinion.

Reynolds v. State, *supra*, 450 S.W.2d at 556.

While this statement might be construed as indicating the Supreme Court of Arkansas's intent to dismiss *any* of the petitioner's appeals filed in the future, in view of the seriousness of the petitioner's allegations and the factual circumstances surrounding the original conviction and post-convictions appeal, we hold that the state courts should have the opportunity to determine the merits of the petitioner's allegations.

We deny the petition for a writ of habeas corpus and appointment of counsel.