Roy C. REYNOLDS, Petitioner,

v.

A.L. LOCKHART, Director Arkansas Department of Correction, Respondent.

No. PB–C–85–529.

United States District Court, E.D. Arkansas, Pine Bluff Division.

May 27, 1986.

Roy C. Reynolds, pro se.

Clint Miller, Asst. Atty. Gen., Little Rock, Ark., for respondent.

## MEMORANDUM AND ORDER

ROY, District Judge.

Now before the Court is the *fifth* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 we have received from Roy C. Reynolds, an inmate presently incarcerated in the Cummins Unit of the Arkansas Department of Correction. Mr. Reynolds first entered the custody of the Department following his conviction for first-degree rape and kidnapping by a Crittenden County Circuit Court jury on March 7, 1969. He was thereafter sentenced to ninety-nine years' imprisonment on each charge, with the terms to be served consecutively. The file indicates that no appeal

was taken from this judgment of conviction. The petitioner then filed a motion for post conviction relief pursuant to Rule 1 of the Arkansas Rules of Criminal Procedure.[1] His motion was denied by the trial court and affirmed on appeal by the Arkansas Supreme Court. *Reynolds v. State,* 248 Ark. 153, 450 S.W.2d 555 (1970).

In 1972, Mr. Reynolds petitioned this Court with his first application for habeas corpus relief. He alleged in his petition that the conduct of both the pretrial lineup and the in-court identification was so impermissibly suggestive that it violated his right to due process. United States District Judge G. Thomas Eisele denied relief, and was affirmed on appeal by the Eighth Circuit Court of Appeals. *Reynolds v. Lockhart,* 470 F.2d 161 (8th Cir.1972).

The applicant's second petition was filed with this Court in 1974 and challenged several alleged trial court errors.[2] United States District Judge Oren Harris denied the applicant's second petition, and the Eighth Circuit affirmed that dismissal, although it noted that Mr. Reynolds' appeal issue might merit reconsideration by the Arkansas courts. *Reynolds v. Lockhart,* 497 F.2d 314 (8th Cir.1974).

In light of this directive, the Crittenden County Circuit Court scheduled a hearing to address the question of whether the applicant was properly informed of his right to appeal. The trial court found that he was not so informed, and appointed Mr. John D. Bridgforth to represent him in a belated appeal to the Arkansas Supreme Court. While this appeal was pending, Mr. Reynolds requested, and was granted, permission to substitute Mr. Bart Mullis as counsel on appeal. The appellate brief submitted by counsel alleged that the trial court erred in taking a one-week recess during the trial and that the petitioner's trial counsel was ineffective. The Arkansas Supreme Court rejected these conten-

---

1. Rule 1 was later recodified in Rule 37 of the Arkansas Rules of Criminal Procedure, *Ark.Stat. Ann.* Vol 4A (Repl.1977 and Supp.1985).

2. The grounds asserted by Mr. Reynolds in his second petition include: (1) he was compelled

to participate in a lineup without the assistance of counsel; (2) his rights under *Miranda v. Arizona* were violated; (3) he was denied the effective assistance of counsel, and (4) he was denied the right to appeal his conviction.

tions and affirmed his conviction in an opinion not designated for publication. *Reynolds v. State*, CR 75–178 (Ark.S.Ct. February 9, 1976).

The applicant then filed his third petition, alleging that his counsel was ineffective and that he failed to receive a fair trial because the trial court had granted a seven-day continuance during the trial. This application, before Judge Eisele, was denied, and the Eighth Circuit affirmed the dismissal. *Reynolds v. Mabry*, 574 F.2d 978 (8th Cir.1978).

In 1985, Mr. Reynolds filed his fourth petition for habeas relief with this Court. United States District Judge William r. Overton denied his application for relief. *Reynolds v. Lockhart*, PB–C–85–1 (E.D. Ark. Feb. 25, 1985). Furthermore, the district court denied the petitioner's request for a certificate of probable cause, as did the Eighth Circuit when so requested.[3]

Thereafter, on November 8, 1985, Mr. Reynolds filed the pending petition, his fifth, alleging a multitude of trial errors.[4] The respondent replied by filing a Motion to Dismiss on the ground that the applicant had abused the writ, citing Rule 9(b) of the Rules Governing § 2254 Cases in the United States District Courts. It is this motion which we now address.[5]

Rule 9(b) provides:

Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Rule 9(b) of the Rules Governing § 2254 Cases in the United States District Courts. Similar provisions are contained in section 2244(b) of Title 28. The general effect of both Rule 9(b) and section 2244(b) is to codify the criteria outlined in the Supreme Court decision of *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). In *Sanders*, the Court set forth several guidelines for determining the propriety of addressing a successive application for habeas relief. These guidelines were summarized as follows:

Controlling weight may be given to denial of a prior application for federal habeas corpus or 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

*Id.* at 15, 83 S.Ct. at 1077. What we must determine, then, is whether the petitioner's application for habeas relief should be dismissed as an improper successive petition.[6]

First, have the same grounds presented in the present petition been adversely determined to the applicant in his prior petition? By "ground," the *Sanders* decision

---

**3.** Both orders denying Mr. Reynolds' request for a certificate of probable cause have been filed in this case as Exhibits to the Respondent's Motion to Dismiss. See Exhibits C and D, respectively.

**4.** These errors include: (1) the trial court's error in not conducting a fundamentally fair and impartial trial; (2) the court's failure to properly charge the jury on the law of the case; (3) his trial counsel improperly stipulated to two prior convictions; (4) he was convicted by a jury composed of eleven members; (5) the prosecution's improper remarks to the jury during his closing argument; (6) the trial court erred in amending the prison commitment order by increasing the term for the lesser included offenses; (7) his trial and appellate counsel ren-

dered ineffective assistance, and (8) a ground in which he raises "other errors."

**5.** We note in passing that the recent Eighth Circuit opinion in *Miller v. Solem*, 758 F.2d 144 (8th Cir.1985), requires that we afford this petitioner a reasonable opportunity to offer justifications for his failure to raise these contentions in an earlier petition. This, Mr. Reynolds has done in a reply filed December 3, 1985.

**6.** The petitioner asks that we construe his first three applications as one petition "because it was these very petitions that ultimately resulted in regaining of the right to an appeal...." The result herein would not be affected by this superficial distinction.

simply meant a sufficient legal basis for granting the relief sought by the applicant.

For example, the contention that an involuntary confession was admitted in evidence against him is a distinct ground for federal collateral relief. But a claim of involuntary confession predicated on alleged psychological coercion does not raise a different "ground" than does one predicated on alleged physical coercion. In other words, identical grounds may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments, . . . or be couched in different language, . . . or vary in immaterial respects. . . . Should doubts arise in particular cases as to whether two grounds are different or the same, they should be resolved in favor of the applicant.

*Id.* at 16, 83 S.Ct. at 1077. The first ground asserted by Mr. Reynolds in his petition now before the Court goes to whether the trial court prevented him from receiving a fair and impartial trial. This claim is predicated on his allegation that the trial court failed to conduct an adequate competency hearing. However, we note that we have previously dispensed with his challenge to the fairness of his trial in denying his third petition. Although in that petition he asserted a different factual basis,[7] we find this to be an example of identical grounds supported by different legal arguments. *Id.* Furthermore, we find that this ground was adversely determined to his position.

As his second ground, Mr. Reynolds challenges the sufficiency of the jury instructions. A plenary review of the four previous petitions indicates that this ground has never been asserted. Therefore, it is not barred by the *Sanders* guidelines.

The third ground raised by the petitioner centers around his trial counsel's stipulation to two prior convictions. We construe this challenge as going to the competency of his trial counsel, a claim raised in his second and third petitions. We note that this claim was adversely determined to the petitioner in those applications.

Fourth, Mr. Reynolds contests his conviction on the ground that the judgment was entered by a jury composed of eleven members. As before, we reviewed each petition previously filed by the petitioner and could find no application in which this ground had been presented. Consequently, we conclude that it is not barred by the *Sanders* factors.

As his fifth claim, the petitioner challenges the remarks made by the prosecution during his closing arguments. We have determined that this contention actually goes to whether he received a fair trial before an impartial jury. As noted above, this claim was presented in his third application. This ground was adversely determined to the applicant in the earlier proceeding.

The sixth ground presented by Mr. Reynolds contests the trial court's amendment to the prison commitment order, thereby increasing the term for any lesser included offense. An exhaustive examination of the file reveals that this ground has not been set before the Court, and we find that it is not subject to being barred by the *Sanders* guidelines.

In his seventh claim, the petitioner asserts that he was denied the effective assistance of counsel.[8] We find that this ground was previously presented in petitions two and three and was adjudicated in a manner adverse to his position; therefore, it is subject to being dismissed pursuant to *Sanders*.

In ground eight, Mr. Reynolds asserts "other errors" which he believes will merit the reversal of his conviction. Having examined these "errors," we find that he has not previously asserted them.

Lastly, the applicant challenges the sufficiency of the evidence to convict him. He

---

**7.** Mr. Reynolds asserted that the trial court violated his right to a fair trial in granting a seven-day "continuance" midway through the trial.

**8.** Although the petitioner sets out his trial and appellate counsels' incompetence in separate grounds, we will treat them jointly.

claims that there was insufficient evidence to support the offense of kidnapping, and that sexual intercourse actually occurred between himself and the victim. We find that this claim has not been presented to this Court, and it therefore is not barred by *Sanders.*

■ To summarize the foregoing, we have determined that Mr. Reynolds has asserted five "new"[9] grounds and four "old"[10] grounds.[11] We must now examine these four "old" grounds to determine whether the prior adjudication was "on the merits."

In discussing whether a prior ground was dismissed on the merits, the *Sanders* court stated the following:

> The prior denial must have rested on an adjudication of the merits of the ground presented in the subsequent application. See *Hobbs v. Pepersack*, 301 F.2d 875 (C.A. 4th Cir.1962). This means that if factual issues were raised in the prior application, and it was not denied on the basis that the files and records conclusively resolved these issues, an evidentiary hearing was held. See *Motley v. United States*, 230 F.2d 110 (C.A. 5th Cir.1956); *Hallowell v. United States*, 197 F.2d 926 (C.A. 5th Cir.1952).

*Id.* As noted above, Mr. Reynolds' first old ground goes to whether he received a fair trial following the trial court's failure to conduct an adequate competency hearing. The "fair trial" issue was raised in his third petition and was dismissed by Judge Eisele following an evidentiary hearing. *See Reynolds v. Mabry*, 574 F.2d at 979. We

must conclude that it was dismissed on the merits.

The applicant's third old ground also encompasses whether he received a fair trial. This claim is founded on his contention that the prosecutor made certain prejudicial remarks during closing argument. While this specific factual allegation has never been raised, as we stated above, the question of whether Mr. Reynolds received a fair trial was litigated in his third petition. Because the issue was dismissed following an evidentiary hearing, we must conclude that it, too, was dismissed on the merits. *See Id.*

The final two old grounds asserted by the petitioner challenge the competency of his counsels' performance throughout the trial and appellate proceedings. This issue, although couched in different language, was presented to the Court in petitions two and three. We previously noted that his third application was dismissed following an evidentiary hearing. Consequently, we can say that the prior adjudication of this claim was on the merits.

■ Lastly, with regard to the four old grounds, we must determine whether the ends of justice would be served by reaching the merits of Mr. Reynolds' subsequent application. "Whether the ends of justice standard has been satisfied is a mixed question of fact and law, and it is within the discretion of the district court to make that determination." *Walker v. Lockhart*, 763 F.2d 942, 954 n. 24 (8th Cir.1985). App. for Cert. pending before United States Supreme Court. In the case at bar, the petitioner presents his fifth application for habeas relief. His first, second,[12] third, and

---

**9.** The "new" grounds include the sufficiency of the jury instructions, the numerical composition of his trial court jury, the trial court's amendment to the prison commitment order, the "other errors" of ground eight, and his challenge to the sufficiency of the evidence.

**10.** The "old" grounds encompass the applicant's challenge to the fairness of his trial, his counsel's competency in stipulating to the introduction of two prior convictions, the remarks made by the prosecution during closing, and his counsels' general incompetency at trial and on appeal.

**11.** The petitioner admits that he has presented grounds which were previously adjudicated. "Obviously, the majority of the issues now presented to the Court have never before been litigated or ruled upon,...." See "Petitioner's Answer to, and Memorandum in Support of, and Opposition to the Respondent's Motion to Dismiss the Original Petition Pursuant to Rule 9(b) Governing 28 USC 2254 Cases."

**12.** We again note that the Eighth Circuit stated that the appeal issue raised in this petition had some merit. *See Reynolds v. Lockhart*, 497 F.2d 314 (8th Cir.1974).

fourth petitions were dismissed by this Court as being without merit. He even concedes that his fourth application was frivolous, and attempts to excuse the filing of it by stating that he had no access to a complete trial record and was very confused.[13] He asks that we ignore his past writ history because justice requires that the manifest irregularities of his trial and appeal be corrected. However, we cannot agree.

Certainly, justice to the petitioner is crucial in our system. But he is not the only party to the case. The State also has a right to fairness, and we have to consider as well the effect on the administration of justice as a whole of a decision to grant [a] successive application. *Walker v. Lockhart*, 726 F.2d 1238, 1250 (8th Cir.) (Arnold, J., concurring), *cert. denied.* It has been over seventeen years since the petitioner's conviction, and we are still being asked to review the validity of his conviction. The conviction has been reviewed by at least eleven different judges on six different occasions.[14] No real showing by the applicant has been made which would indicate that any hearing held by any court in this lengthy proceeding has not been full and fair. Consequently, we are convinced that the four old grounds are barred by the Supreme Court decision in *Sanders.*[15]

We now turn our attention to the five new claims asserted by Mr. Reynolds. While not barred by *Sanders* or the first clause of Rule 9(b), it is crucial that this Court examine whether presenting these grounds in a separate petition constitutes an abuse of the writ under the second clause of Rule 9(b). The respondent maintains that the petitioner has abused the writ by failing to assert grounds of which he should have had knowledge.

Nothing in the tradition of habeas corpus requires a federal court to entertain an endless piecemeal litigation process of successive petitions. "Thus, for example, if a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, ... he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground." *Sanders v. United States*, 373 U.S. at 18, 83 S.Ct. at 1078. Subdivision (b) of Rule 9 incorporated this principle and requires that the federal judge find the applicant's failure to raise the new ground to be inexcusable. Two instances commonly cited in which a petitioner's failure to assert a ground in a prior application is excusable are a retroactive change in the law and newly discovered evidence. The applicant in the case at bar presents his allegations to the Court apparently in the form of an intervening change in the law. As noted above, we find this contention to be meritless. This is chiefly due to petitioner's failure to specify how the law has changed since his conviction and whether this change is to be retroactive.[16] Mr. Reynolds also asks that we

---

**13.** "The Petitioner concedes that his fourth *habeas* petition was likely a meritless, and perhaps frivolous one (PB–C–85–1), but said petition was filed by an inmate who had no access to the fragmented record of the Petitioner, and was himself confused about the confusing history of the case and its 'complex and lengthy' history." (Petitioner's reply to the respondent's Motion to Dismiss, page 1.)

**14.** Mr. Reynolds' conviction and appellate proceedings have been reviewed by the trial court, Judge John S. Mosby, once; by the Arkansas Supreme Court once; by the United States District Court four times—Judges Oren Harris, G. Thomas Eisele (twice), and William R. Overton; and three times by the Eighth Circuit.

**15.** We find the petitioner's contention of "intervening change in the law" as a basis for considering his application to be without merit. 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984), Mandate Recalled June 13, 1984.

**16.** "Obviously, the majority of the issues now presented to the Court have never before been litigated or ruled upon, the remainder of the issues have never been addressed under the new 'totality of circumstances' assertion now forwarded, and, when considering that the conviction was had in 1969, some issues (like the stipulation to priors) concern a change in or identification of law since the original conviction. Moreover, under the nature of the claims now asserted themselves, fundamental fairness—and just plain justice—require that the

consider his fifth petition because he has only recently regained his sanity and learned to read and write.[17] A review of the law fails to convince us that this is a proper ground for excusing this petitioner's abuse of the writ.

Notwithstanding the above discussion on the five grounds, would the ends of justice be served by reaching the merits of this petition? Reemphasizing our earlier discussion with regard to the old grounds, we are convinced that this "standard" would not be served by adjudicating these new claims. Permitting Mr. Reynolds to attack his conviction in this piecemeal fashion will in no way further the ends of justice or recognize the finality of a judgment. Therefore, we must refuse to consider the new grounds raised by this application, the fifth filed by Mr. Reynolds.

In light of the foregoing, we will grant the respondent's Motion to Dismiss and deny all requested relief.[18]

---

manifest miscarriage of justice perpetrated at the Petitioner's trial be corrected. (Petitioner's reply to the respondent's Motion to Dismiss, page 3).

**17.** See the affidavits from Mr. Rolf Kaestel and Chaplain Artis P. Clark.

**18.** In dismissing the petitioner's application, we will also deny his motion for appointment of counsel.